Iburg v. Brown et al                                                                                                         Doc. 5

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

GARY WAYNE IBURG, SR.                                                                          PLAINTIFF

V.                                        4:06CV001508 JLH/JTR

BOBBY BROWN, Major,
Faulkner County Jail, et al.                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently being held at the Faulkner County Jail, has filed a *pro se* § 1983 Complaint. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

## II. Discussion

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure

to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In his Complaint, Plaintiff alleges that Major Bobby Brown, Lieutenant J. Bell, and Corporal K. Barton infringed his First Amendment right to access the courts by denying Plaintiff's written requests to go to the law library. *See* docket entry #2. Plaintiff further contends that Defendants' actions prevented him from adequately representing himself during his state trial, which culminated in a criminal conviction. *Id.* By way of relief, Plaintiff requests monetary damages and an injunction directing the Faulkner County Jail to install a law library. *Id.*

In *Heck v. Humphrey,* 512 U.S. 477, 487 (1994), the Supreme Court held that, if a judgment in favor of a prisoner in a § 1983 action would "necessarily imply the invalidity of the conviction or sentence," then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by a state court or the issuance of a federal writ of habeas corpus. As previously mentioned, Plaintiff alleges that Defendants' refusal to grant him access to a law library resulted in his wrongful conviction of a crime in state court. These allegations, if proven, would "necessarily imply the invalidity of his conviction or sentence." *See Heck*, at 487; *see also Kroger*

*v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (a court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling). Thus, Plaintiff's claims are not properly cognizable, at this time, in a § 1983 action.

Before Plaintiff can initiate a § 1983 action asserting the foregoing claim, he must have his state court conviction "reversed, expunged, or called into question" by filing a direct appeal, Rule 37 petition for post-conviction relief, or some other proper pleading in <u>state court</u>. If Plaintiff <u>obtains</u> relief in state court, he may then file a § 1983 claim in federal court for damages. However, if Plaintiff does <u>not</u> obtain relief, after exhausting <u>all</u> of his available remedies in state court, he must file a § 2254 habeas action in federal court to challenge the legality of his state court conviction. If Plaintiff prevails in that federal habeas action, he may then file his § 1983 action to recover damages.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Plaintiff's § 1983 Complaint (docket entry #2) be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).[1]

---

[1] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

    3.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 27th day of October, 2006.

_____
UNITED STATES MAGISTRATE JUDGE